CATHERINE CORTEZ MASTO
Attorney General
ERNEST D. FIGUEROA
Consumer Counsel
Nevada Bar No. 006295
775.684.1197 ph / 775.684.1179
E-mail: EFigueroa@ag.nv.gov
BINU G. PALAL
Deputy Attorney General
Nevada Bar No. 010178
555 E. Washington Avenue, #3900
Las Vegas, Nevada 89101
702.486.3128 ph / 702.486.3283
E-mail: BPalal@ag.nv.gov
JEFFREY SEGAL
Deputy Attorney General
Nevada Bar No. 005491
555 E. Washington Avenue, #3900
Las Vegas, Nevada 89101
702.486.3130 ph / 702.486.3283
E-mail: JSegal@ag.nv.gov
LINDA SINGER
*Admitted Pro Hac Vice*
1100 New York Avenue, Suite 500
Washington, DC 20005
202.408.4600 ph / 202.408.4699
E-mail: LSinger@cohenmilstein.com
Attorneys for Plaintiff, State of Nevada

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; COUNTRYWIDE FINANCIAL CORPORATION; COUNTRYWIDE HOME LOANS, INC; and FULL SPECTRUM LENDING, INC.<br><br>Defendants. | Case No. 3:11-cv-00135-RCJ (RAM)<br><br>PROTECTIVE ORDER |

1.   **PURPOSES AND LIMITATIONS**

Pursuant to Fed R. Civ. P. 29 and Local Rule 7-1, the stipulation of the parties, and good cause appearing, it is hereby ORDERED:

## DEFINITIONS

For the purposes of this Order:

2.1  Party: Any party to this action, including all of its officers, directors, employees, agents, consultants, retained experts, and outside counsel (and any support staff of the foregoing).

2.2  Disclosure or Discovery Material: All items or information (including written, recorded or graphic material, and intangible data files, such as magnetic computer files), regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, disclosure statements, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, affidavits, declarations, affirmations, and any portion of any of the above) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  "Confidential" Information or Items: The "Confidential" designation may be applied to any non-public Disclosure or Discovery Material that the Designating Party determines, reasonably and in good faith, constitutes (1) trade secret information as defined by N.R.S. § 600A.030(5) and interpreting case law; (2) Sensitive Data as defined by Rule 5.2 of the Federal Rules of Civil Procedure; (3) Nonpublic Personal Information protected from disclosure to third parties by the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 *et seq.*) and the regulations promulgated thereunder (*e.g.*, 16 C.F.R. § 313) and interpreting case law; and (4) other information that is protected by law from disclosure to third parties,.

Notwithstanding the foregoing, Confidential Information does not mean or include any information that: (i) is or becomes part of a public record or is otherwise generally made available to the public; (ii) is or becomes available to a Party who obtained it from any source on a non-confidential basis, provided that the source is not known by such Party to be bound by this Order or any other confidentiality agreement concerning such information; (iii) is acquired by the Party receiving it independently of the Producing Party, provided the source is not known by such Party to be bound by this Order or any other confidentiality agreement concerning such information.

2.4  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party: A Party that produces Disclosure or Discovery Material in this action.

2.6.    Designating Party: A Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material: Any Disclosure or Discovery Material that is designated as "Confidential," except for copies of such Material on which all Confidential Information has been redacted.

2.8.    Outside Counsel: Attorneys who are not employees of a Party but who are retained to represent or advise a Party.

2.9     In-House Counsel: Attorneys who are employees of a Party.

2.10    Counsel (without qualifier): Outside Counsel and In-House Counsel (as well as their support staffs).

2.11    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, reviewing data in any form or medium; etc.) and their employees and subcontractors.

2.13    Third Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**SCOPE**

The protections conferred by this Order cover not only Protected Material and Disclosure or Discovery Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus deposition or other pre-trial testimony or other oral statements that might reveal Protected Material or Disclosure or Discovery Material.. This Order addresses only pretrial discovery and proceedings, including depositions. The Parties

contemplate proposing a new protective order to cover trial proceedings. This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under applicable legal principles to treatment as confidential.

**DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**DESIGNATING PROTECTED MATERIAL**

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must take care to limit any designation of information as Confidential only to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of Disclosure or Discovery Materials that qualify – so that other portions of the Disclosure or Discovery Materials for which protection is not warranted are not swept unjustifiably within the ambit of this Order's protection for Protected Material.

Mass, indiscriminate, or routinized Confidential designations are prohibited. Designations of Disclosure or Discovery Material that are designated in such a manner without a good faith basis, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated as Confidential does not qualify for protection as Protected Material, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) and section 5.3, below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection as Protected Material under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.  In the event that only a portion of the material on the page is Confidential, the Producing Party shall clearly mark the portion of the page that is Confidential.  If a Party believes that Disclosure or Discovery Material produced by a non-party contains information that is Confidential and entitled to designation as Protected Material, that Party shall promptly notify the other Party or Parties and make arrangements to have the documentation at issue designated and labeled as Confidential in this same manner.

A Party that makes original Disclosure or Discovery Material (in documentary form or otherwise) available for inspection need not designate it for protection until after the inspecting Party has indicated which portions of the Disclosure or Discovery Material should be copied and produced. After the inspecting Party has identified the portions of the Disclosure or Discovery Material it wants copied and produced, the Producing Party must determine which Disclosure or Discovery Material, or portions thereof, qualify for protection under this Order, then, before producing the specified Disclosure or Discovery Material, the Producing Party must affix the legend at the top or bottom of each page that contains Protected Material.

(b)   <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" as instructed by the Party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored the legend "CONFIDENTIAL." If only portions of the Disclosure or Discovery Material warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     Inadvertent Failures to Designate.

In the event that any Disclosure or Discovery Material qualifying for designation as "Confidential" is inadvertently produced without the proper designation, the Disclosing Party shall identify such Disclosure or Discovery Material promptly after its inadvertent production is discovered and provide a copy of such Disclosure or Discovery Material with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the undesignated Disclosure or Discovery Material.

If diligently corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material, unless a failure to designate qualified Disclosure or Discovery Material as "Confidential" causes foreseeable substantial unfairness, unnecessary and unreasonable economic burdens, or a later significant and unreasonable disruption or delay of the litigation. If Disclosure or Discovery Material is appropriately designated as "Confidential" after the Disclosure or Discovery Material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Order.

**CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.     Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary and unreasonable economic burdens, or a later significant and unreasonable disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.     A Party that elects to initiate a challenge to a Designating Party's

-6-

confidentiality designation must do so in good faith and must begin the process by contacting counsel for the Designating Party by letter, email, or telephone, informing counsel of exactly which documents are challenged. Within 7 calendar days of such contact, the Designating Party must review the challenged material, reconsider the circumstances, and, if no change in designation is offered, explain the basis for the confidentiality designation in writing. If the challenging Party continues to believe the designation was not proper it must give the Designating Party an opportunity to confer further in a voice-to-voice meeting to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has first attempted to engage the Designating Party in this meet and confer process. The Parties are to hold their meet and confer within 7 days of a request by a challenging Party.

    6.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements set forth in the preceding paragraph and that attaches the written justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any challenge to a Designating Party's confidentiality designation shall be on the Designating Party. Until and unless the Court rules on the challenge and declassifies the challenged material, all parties shall continue to treat the material as Confidential. To the extent that LR 26-7(b) of the Local Rules of Practice of the United States District Court for the District of Nevada, is deemed to apply to this Section 6, the Parties' compliance with Sections 6.1 and 6.2 shall be deemed to be compliance with LR 26-7(b).

**ACCESS TO AND USE OF PROTECTED MATERIAL AND DISCOVERY MATERIAL**

    7.1    <u>Basic Principles</u>. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a)  the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  other law enforcement agencies empowered to investigate or prosecute laws, regulations or rules who agree in writing to maintain the confidentiality of Protected Material under the terms of this Protective Order;

(e)  the Court and its personnel;

(f)  court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed or agreed to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided that: (i) the witness is familiar with or is otherwise competent to testify about the subject matter of the Protected Material; (ii) the witness is not given the original or copy of the Protected Material to take from the place of deposition or trial; and (iii) the witness signs the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h)  the author, addressees, and recipients of the Protected Material or the original source of the information comprising the Protected Material or any other witness during a deposition that a party reasonably believes may have been aware of the Protected Material;

(i)  any Mediator or neutral who agrees to maintain the confidentiality of Protected Material. Notwithstanding the provisions of Section 7.2(a)-(h) above, a person or Party is free to disclose

its own Protected Material without restriction. Further, a Receiving Party may disclose Disclosure or Discovery Material that has been designated as Confidential if all Confidential Information thereon is redacted. Moreover, nothing shall prevent disclosure beyond the terms of this Order if the Designating Party expressly consents to such disclosure, either in writing or on the record of any proceeding in this action. Nothing in this paragraph shall limit a Party's ability to argue that such disclosure constitutes a waiver of any applicable privilege.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR SUBJECT TO PUBLIC RECORDS REQUEST

8.1 Subpoena. If a Receiving Party is served with a civil subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall have seven calendar days to seek protection of its confidential material by agreement or by order of the Court, during which seven days the Receiving Party shall not produce any Protected Material in response to the subpoena without either the prior written consent of the Party or person that designated the Disclosure or Discovery Material as Confidential, or an order of the court of competent jurisdiction. The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from any court.

-9-

8.2 <u>Public Records Request</u>.  In the event the Office of the Attorney General receives a public records request for any Protected Material, the Attorney General shall promptly notify the Producing Party's counsel of the request so that it may contest the release of such Protected Material.  This Order does not relieve the State or any of its employees, agents or consultants from complying with the applicable public records laws, and nothing in this Order shall be construed to require the State or any of its employees, agents or consultants to disobey applicable public records laws.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosure(s), (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosure(s) was made of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**FILING PROTECTED MATERIAL**

Protected Material shall not be filed with the Clerk of the Court except when required by Court rule or in connection with motions or applications submitted to the Court, and will be done so in accordance with the standards set forth in <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006). Any Protected Material and any Court papers containing or referring to Protected Material (including, without limitation, deposition transcripts, exhibits, briefs, affidavits and affirmations), if filed, shall be filed under seal in the clerk's office as long as the Disclosure or Discovery Material retain their status as Protected Material.  Where possible, only Confidential portions of filings with the Court shall be filed under seal.  A public copy of such Court papers with all Protected Material redacted therefrom may also be filed in the Clerk's office.  Documents filed under seal shall be filed in an envelope bearing the following legend:[1]

. . .

---

[1] Nothing in this legend or Protective Order shall be construed as a waiver of any Party's objection to jurisdiction or any Party's removal rights in this action.

> This document is filed under seal in *State of Nevada ex rel. Masto v. Countrywide Financial Corporation et al.*, pursuant to a Stipulated Protective Order entered on _____, 2011. The document contains Protected Material, within the meaning of that Order. Unless ordered by the Court or authorized in writing by the Party filing this document, no person shall have access to the contents of this envelope.

The Parties agree to cooperate with each other in a good faith attempt to file the Protected Material under seal, but will not be precluded from filing Disclosure or Discovery Material containing Protected Material in the ordinary course after a good faith effort to file the Disclosure or Discovery Material under seal is denied by the Court, except as described herein. The Parties agree that they will seek to avoid the unnecessary filing of Protected Material with the Court, and will only do so when necessary to support their pleadings, motions or other papers. If anyone challenges the filing under seal of such Disclosure or Discovery Material, the Designating Party bears the burden of establishing the propriety of such filing.

To the extent that filing under seal is not permitted by the Court, no Party will file any Protected Material with the Court without providing at least three (3) business days' advance notice to the Designating Party.

In the event that any Protected Material is used in any Court proceeding in this action other than trial, it shall not lose its confidential status through such use, and the Party using such Protected Material shall take all reasonable steps to maintain its confidentiality during such use. Protected Material may be offered in evidence at trial or offered in any hearing subject to procedures to be established by the Parties and Court to govern the use and protection of such information.

**FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, or unless otherwise required by law, within sixty days after the final termination of this action, each Receiving Party must obtain and return or destroy all Protected Material shared with Outside Counsel, experts, vendors, or other consulting parties, or ensure that Protected Materials shared with such persons or entities are destroyed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material, but does not include materials required to monitor public compliance with any Judgment entered herein.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, judgments and consent orders and documents related thereto, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any Discovery Material on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the materials covered by this Protective Order.

12.3   <u>Amendment of this Order</u>

The provisions of this Order may be modified only by order of the Court.  Any Party is free to request such modification.

DATED: May 16, 2011.

I

_____
UNITED STATES MAGISTRATE JUDGE