CATHERINE CORTEZ MASTO
Attorney General
ERNEST D. FIGUEROA
Consumer Counsel
Nevada Bar No. 006295
775.684.1197 ph / 775.684.1179
E-mail: EFigueroa@ag.nv.gov
BINU G. PALAL
Deputy Attorney General
Nevada Bar No. 010178
555 E. Washington Avenue, #3900
Las Vegas, Nevada 89101
702.486.3128 ph / 702.486.3283
E-mail: BPalal@ag.nv.gov
JEFFREY SEGAL
Deputy Attorney General
Nevada Bar No. 005491
555 E. Washington Avenue, #3900
Las Vegas, Nevada 89101
702.486.3130 ph / 702.486.3283
E-mail: JSegal@ag.nv.gov
LINDA SINGER
*Admitted Pro Hac Vice*
1100 New York Avenue, Suite 500
Washington, DC 20005
202.408.4600 ph / 202.408.4699
E-mail: LSinger@cohenmilstein.com
Attorneys for Plaintiff, State of Nevada

Attorney General's Office
555 E. Washington, Suite 3900
Las Vegas, NV 89101

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| STATE OF NEVADA, ) | Case No. 3:11-cv-00135-RCJ (RAM) |
| Plaintiffs, ) | |
| vs. ) | ) THIRD PARTY |
| ) | PROTECTIVE ORDER |
| BANK OF AMERICA CORPORATION, ) | |
| BANK OF AMERICA, N.A., ) | |
| BAC HOME LOANS SERVICING, LP; ) | |
| RECONTRUST COMPANY, N.A.; ) | |
| COUNTRYWIDE FINANCIAL ) | |
| CORPORATION; COUNTRYWIDE ) | |
| HOME LOANS, INC; and FULL ) | |
| SPECTRUM LENDING, INC. ) | |
| ) | |
| Defendants. ) | |

Pursuant to Federal Rule of Civil Procedure 29 and Local Rule 7-1, the Stipulation of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED** that the Court approves the following protections concerning the confidentiality of documents and materials to be produced by Third Parties that are designated as

-1-

containing proprietary information, trade secrets, nonpublic personal or private financial information, or other confidential information:

1. "Third Parties" refer to entities that are not Parties but are providing documents or testimony pursuant to a subpoena in this matter.

2. Documents, materials and information ("Documents") produced by a Third Party in response to a subpoena issued by any Party, and which a Third Party contends are confidential, will be marked "CONFIDENTIAL" or "TRADE SECRET/CONFIDENTIAL AND PROPRIETARY INFORMATION" (hereinafter referenced as "CONFIDENTIAL").

3. A Third Party will not mark as "CONFIDENTIAL" any Document, unless in good faith and after review of the Document, it believes the document contains confidential information. The "Confidential" designation may be applied to any non-public material that the Third Party determines, reasonably and in good faith, constitutes (1) trade secret information as defined by § N.R.S. 600A.030(5); (2) sensitive data as defined by Rule 5.2 of the Federal Rules of Civil Procedure; (3) nonpublic personal information as defined in 16 CFR 313.3(n)(1)(i) and (n)(2); (4) nonpublic information regarding the terms, conditions and administration of any trust for which the Third Party serves as trustee; and (5) other information that is protected by law from disclosure.

Marking a document confidential does not guarantee that the Document is exempt from public disclosure, but rather identifies the materials for which the Third Party is affirmatively requesting confidential treatment to the extent allowed under Nevada's applicable law(s).

4. If a Party believes that Discovery Material produced by a Third Party contains documents or information from a Party that the Party believes is Confidential and entitled to designation as Protected Material (as such terms are defined in the Protective Order addressing discovery and disclosure issues between the Parties (the "Party Protective Order"), that Party shall promptly notify the other Party or Parties and make arrangements to have the material at issue designated and labeled as Confidential in the manner set forth in the Party Protective Order. The designation of such material as Confidential by a Party will be governed by the criteria set out in Paragraph 2.3 of the Party Protective Order. If a Party, acting in good faith, has designated such material as Confidential, the provisions of the Party Protective Order (including the resolution of any

-2-

dispute as to whether the materials are Confidential) shall control treatment of the Discovery Material.

5. The State and Defendants will take "CONFIDENTIAL" Documents subject to Nevada public records, consumer protection and trade secrets statutes, and will not share the Documents with a person outside the Office of the Attorney General unless authorized by law or this Order. No Party will share any "CONFIDENTIAL" Documents with non-parties except to the extent provided by this Order.

6. To the extent permitted by law, the Attorney General may disclose Documents to any state or federal agency empowered to investigate or prosecute laws, regulations or rules. If the Attorney General does so, it will advise the recipient agencies as to the confidential nature of the Documents.

7. In the event the Attorney General receives a public records request or any other disclosure request for any Documents produced by a Third Party that have been marked "CONFIDENTIAL," the Office of the Attorney General ("the Office") shall promptly (and with as much advance notice as possible before any potential release by the Office of any such documents in response to such a request) notify the Third Party's counsel by telephone and in writing of the request so that it may contest the release of such Documents. This Order does not relieve the State or any of its employees, agents or consultants from complying with applicable public records laws.

8. The Parties may disclose Documents received from Third Parties to any private counsel, expert, consultant, advisor or agent employed on the above-captioned case, on the condition that such private counsel, expert, consultant, advisor or agent agrees to the provisions set forth in this Order.

9. The Parties will use the Documents only in conjunction with the above-captioned case, other litigation arising from the case, and other related law enforcement purposes.

DATED: May 16, 2011.

_____
UNITED STATES MAGISTRATE JUDGE