1  | CATHERINE CORTEZ MASTO
   | Attorney General
2  | ERNEST D. FIGUEROA
   | Consumer Counsel
3  | Nevada Bar No. 006295
   | 775.684.1197 ph / 775.684.1179
4  | E-mail: EFigueroa@ag.nv.gov
   | BINU G. PALAL
5  | Deputy Attorney General
   | Nevada Bar No. 010178
6  | 555 E. Washington Avenue, #3900
   | Las Vegas, Nevada 89101
7  | 702.486.3128 ph / 702.486.3283
   | E-mail: BPalal@ag.nv.gov
8  | JEFFREY SEGAL
   | Deputy Attorney General
9  | Nevada Bar No. 005491
   | 555 E. Washington Avenue, #3900
10 | Las Vegas, Nevada 89101
   | 702.486.3130 ph / 702.486.3283
11 | E-mail: JSegal@ag.nv.gov
   | LINDA SINGER
12 | *Admitted Pro Hac Vice*
   | 1100 New York Avenue, Suite 500
13 | Washington, DC 20005
   | 202.408.4600 ph / 202.408.4699
14 | E-mail: LSinger@cohenmilstein.com
   | Attorneys for Plaintiff, State of Nevada

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

STATE OF NEVADA,                               )
                                               )
    Plaintiffs,                              )    Case No.  3:11-cv-00135-RCJ (RAM)
                                               )
    vs.                                      )
                                               )    **STATE'S OF NEVADA'S MOTION**
BANK OF AMERICA CORPORATION,                   )    **FOR LEAVE TO FILE SECOND**
BANK OF AMERICA, N.A.,                          )    **AMENDED COMPLAINT**
BAC HOME LOANS SERVICING, LP;                  )
RECONTRUST COMPANY, N.A.;                       )    (Assigned to the Honorable Robert C. Jones)
COUNTRYWIDE FINANCIAL                           )
CORPORATION; COUNTRYWIDE                        )
HOME LOANS, INC; and FULL                       )
SPECTRUM LENDING, INC.                          )
                                               )
    Defendants.                              )

      The State of Nevada, by and through its representative, Attorney General CATHERINE CORTEZ

MASTO, Attorney General, ERNEST FIGUEROA, Consumer Counsel, BINU G. PALAL, Deputy

Attorney General, and JEFFREY SEGAL, Deputy Attorney General("State"), respectfully moves this

Court, pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15-1, for leave to file the State's

Second Amended Complaint included herewith.  This Motion is based on the pleadings and papers on file and the Memorandum of Points and Authorities herein.

In light of the hearing on the State's Motion for Transfer of Venue (ECF No. 56) currently scheduled for October 17th, the State requests the Court, in the interest of economy, consolidate with that hearing any hearing on this Motion.

DATED this 30th day of August, 2011.

SUBMITTED BY:

CATHERINE CORTEZ MASTO
Attorney General

By:   /s/ BINU G. PALAL
BINU G. PALAL
Deputy Attorney General
Nevada Bar No. 010178
702-486-3128 ph / 702-486-3283 fax
555 E. Washington Avenue, #3900
Las Vegas, Nevada  89101
Attorneys for Plaintiff, State of Nevada

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 15(a), Local Rule 15-1, and this Court's May 12, 2011, Scheduling Order, the State of Nevada, by and through its representative Attorney General Catherine Cortez Masto ("State"), hereby respectfully submits this Memorandum in support of its Motion for Leave to File Second Amended Complaint.

## PROCEDURAL POSTURE

On December 17, 2010 the State filed suit against Defendants in the District Court for Clark County located in Las Vegas, Nevada.  Removal (Dkt. # 1) ¶ 1.  On January 19, 2011 the State amended its complaint, adding claims that Defendants had violated the terms of an earlier Consent Judgment between the State and some of the Defendants over Countrywide's deceptive loan origination practices.  Amended Complaint (Dkt. # 5-1) (attached as Exhibit B to Defendants' Notice of Removal).

## ARGUMENT

The U.S. Supreme Court has stated that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc. — the leave sought should . . . be 'freely

given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has interpreted this as a presumption in favor of allowing amendment, noting: "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants will not be prejudiced by granting the State leave to amend.  In deciding whether to allow leave to amend "the crucial factor is the resulting prejudice to the opposing party."  *See Eminence Capital,* 316 F.3d at 1052 (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).  The State has moved for leave to amend well before the January 2, 2012 deadline in the Scheduling Order, which is strong evidence of an absence of prejudice.  Minutes of Proceedings, May 20, 2011 (Dkt. # 36) ("Scheduling Order").  The case is still in the early stages of discovery, as there has been only one deposition (related to issues not changed by the proposed amendments to the Complaint) and Defendants only have produced 56,883 pages of documents responding to less than one-fifth of the State's requests for documents.  The Parties have ample time to conduct discovery into the State's additional claims as there is still over a year before the close of discovery. *Id.* (setting September 17, 2012 for the close of discovery).  There have not been any dispositive motions filed or decided; therefore amendment will not require the relitigation of any claims.  The amendment also will not affect any pending motions.  Given the lack of prejudice, the Court should grant leave to amend.

Further, allowing this amendment would not prejudice the Defendants since they knew, pursuant to a settlement they negotiated, that the State could declare a material breach, terminate the Consent Judgment, and revive its original claims against Countrywide.  *See* Consent Judgment § 2.3, *State of Nevada v. Countrywide Fin. Corp.*, No. A583442 (Clark Cnty. Feb. 24, 2009) (allowing the State upon a "material failure to perform" to "seek enforcement of this Judgment under Section 10.4, or, in the alternative, terminate this Judgment.");  *see also* Complaint, *State of Nevada v. Countrywide Fin. Corp.*, No. A583442 (Clark Cnty. Feb. 24, 2009) (alleging Countrywide's origination practices violated the Nevada Deceptive Trade Practices Act ("DTPA")).  The State has notified Defendants of multiple material breaches of the Consent Judgment and, in its last letter, indicated that it might seek to terminate the Judgment.  Letter from Nevada Office of the Attorney General to Brian Boyle, Defendants' Counsel (Nov. 18, 2010); Letter from Nevada Office of the Attorney General to Brian Boyle, Defendants' Counsel (June

13, 2011).  Therefore, Defendants cannot claim they were unfairly surprised that the State seeks to exercise one of the rights provided by the negotiated settlement among the parties.

Further, Defendants have litigated and are litigating claims arising from the same facts in multiple forum across the country.  *See, e.g.,* Complaint, *Allstate Ins. Co. v. Countrywide Fin. Corp.*, No. 10-CIV-9591 (S.D.N.Y. Dec. 27, 2010) (alleging misleading statements with respect to the quality of loans originated by Countrywide); Complaint, *Federal Home Loan Bank of Seattle v. Countrywide Securities Corp., et al.,* No. 2:10-cv-00148-RSM (W.D.Wash. Jun. 6, 2010) (same); Complaint, *SEC v. Mozilo*, No. CV09-03994, 2009 WL 1549287 (C.D. Cal. June 4, 2009) (same); Verified Petition, *In re The Bank of New York Mellon,* No. 651786/2011 (N.Y. Sup. Ct. June 29, 2011) ("BNY Settlement") (proposing an $8.5 billion settlement with investors who bought Countrywide's mortgage-backed securities).  Therefore, Defendants should have ready access to all of the information required to defend against the State's charges.

The State also has not unduly delayed amending its complaint.  On January 19, 2011 the State filed an Amended Complaint that added Consent Judgment claims.  *See* Amended Complaint (Dkt. # 5-1). After conducting further investigation and discovery in this case, the State discovered that Defendants had committed additional breaches of the Consent Judgment.  Specifically, after reviewing Defendants' policies and procedures and reporting under the Consent Judgment, the State found that Defendants were actually increasing, rather than decreasing, borrowers' interest rates and requiring extensive documentation from borrowers, despite Defendants' commitment to provide streamlined modifications.  *See* Second Amended Complaint ¶¶ 82-89.  The Consent Judgment does not set any time limits for enforcing or terminating the Consent Judgment. ("The Consent Judgment allows the Attorney General to apply '*at any time*, for enforcement of any provision of this Judgment.'"(emphasis added)).  Further, the Judgment affirms that the failure to assert a claim does not waive that claim.  Given that the Consent Judgment does not limit the State's ability to enforce or terminate the Judgment at any time during the term of the Judgment (through June 30, 2012), Defendants cannot claim to be prejudiced when the State seeks remedies expressly permitted by the Consent Judgment within the time allotted for the State to act.

With these additional violations, the State considers Defendants' disregard for their duties under the Consent Judgment so pervasive that they constitute a material breach warranting dissolution of that

Judgment.  After two and a half years of lost implementation – of borrowers denied modifications, discouraged by repeated and futile efforts to obtain help, or already subject to foreclosure – the State no longer can get the benefit of its original settlement with Defendants.

Finally, the State's proposed claim that Bank of America's misrepresented its authority to collect and foreclose on Nevada mortgages also was not unduly delayed.  The BNY Settlement first provided a basis for asserting this claim, which the State confirmed by documents obtained on August 11, 2011. Therefore, the State has timely moved to amend after uncovering these additional violations of both the Consent Judgment and the DTPA.

None of the remaining *Foman* factors are present either.  Defendants cannot show that the State has demonstrated any bad faith or dilatory motive in pursuing these additional claims.  The State has worked for over two years to resolve these claims without litigation, but now, after finding repeated and almost immediate material non-compliance. The State acts appropriately to enforce its rights under the Consent Judgment.  Given the absence of any of the factors favoring denial and the Ninth Circuit's direction that leave to amend is to be granted "with extreme liberality," the Court should grant the State leave to amend. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## CONCLUSION

For the reasons above, the State respectfully requests leave to file its Second Amended Complaint.

DATED this 30th day of August, 2011.

SUBMITTED BY:

CATHERINE CORTEZ MASTO
Attorney General

By:   /s/ BINU G. PALAL
      BINU G. PALAL
      Deputy Attorney General
      Nevada Bar No. 010178
      702-486-3128 ph / 702-486-3283 fax
      555 E. Washington Avenue, #3900
      Las Vegas, Nevada  89101
      Attorneys for Plaintiff, State of Nevada

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I hereby certify that on the 30th day of August, 2011 a true and correct copy of the **STATE OF NEVADA'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT,** was transmitted electronically to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

**Matthew W. Close**
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
213-430-7213
213-430-6407 fax
mclose@omm.com

**Paul R. Hejmanowski**
Lionel, Sawyer & Collins
50 W. Liberty Street, Suite 1100
Reno, NV 89501
775-788-8650
775-788-8682 fax
phejmanowski@lionelsawyer.com

**Leslie Bryan Hart**
Lionel Sawyer & Collins
50 W. Liberty Street, Suite 1100
Reno, NV 89501
775-788-8650
775-788-8682 fax
lhart@lionelsawyer.com

**John D Tennert**
Lionel Sawyer & Collins
50 W. Liberty Street, Suite 1100
Reno, NV 89501
775-788-8666
775-788-8682 fax
jtennert@lionelsawyer.com

*Attorneys for Defendants*

An employee of the
Office of the Attorney General