**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| STATE OF NEVADA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:11-cv-00135-RCJ-WGC |
| BANK OF AMERICA CORP. et al., | ) ) | **ORDER** |
| Defendants. | ) ) | |

This case arises out of a national bank's and its subsidiaries' practices with regard to mortgage modifications. The Court denied Plaintiff's Motion to Remand (ECF No. 18), and Plaintiff has now moved to change venue to the unofficial southern division of the District. Defendants object. For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs often claim in foreclosure lawsuits that the beneficiary or loan servicer made misrepresentations or unfulfilled promises concerning the availability of a mortgage modification. The State of Nevada (the "State") sued Defendants in state court on behalf of potentially thousands of individual Nevadans on a single cause of action under Nevada's Deceptive Trade Practices Act ("DTPA"), Chapter 598 of the Nevada Revised Statutes ("NRS"), alleging seven types of such misrepresentations. (*See* Compl., Dec. 17, 2010, ECF No. 4-1). The State requests declaratory judgment, an injunction against any practices declared to be unlawful, civil penalties as provided by sections 598.0999(2) and 598.0973, restitution as provided by section 598.0993, and the costs of investigation and attorney's fees as provided by section

598.0999(2). (*See id.* at 35–36).  Defendants removed.  The Court denied a motion to remand, and Plaintiff has now moved for a change of venue.

## II.  LEGAL STANDARDS

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Furthermore, "[a] district court may order any civil action to be tried at any place within the division in which it is pending." § 1404(c).  Section 1404(a) may be invoked to transfer a case between divisions of judicial districts created by rule, not only those created by statute. *McNeil Const. Co. v. Livingston State Bank*, 155 F. Supp. 658, 662 (D. Mont. 1957).

Nevada constitutes a single district that is not divided into divisions, 28 U.S.C. § 108, but the District has two "unofficial" divisions under the local rules.  The unofficial southern division encompasses Clark, Esmeralda, Lincoln, and Nye Counties, and cases originating in those counties are filed in Las Vegas and designated with "2:" at the beginning of the case number. *See* Local R. IA 6-1.  The unofficial northern division encompasses the remaining counties, and cases originating in those counties are filed in Reno and designated with "3:" at the beginning of the case number. *See id.*  "The court may in its discretion direct that proceedings or trial take place in the division other than the division where filed.  Unless otherwise ordered, however, all filings shall be made and proceedings had in the division of the court in which the case was originally filed." Local R. IA 8-1(c).

## III.  ANALYSIS

The State filed the present case in state court in Clark County, but Defendants removed to federal court in Reno, so the Clerk designated the case as an unofficial northern division case. The State does not request transfer to another district or to another judge within this District but asks to change venue to the unofficial southern division.  The practical effects of granting the motion would be to alter the case number prefix from "3:" to "2:" and to change the default

hearing and trial location from Reno to Las Vegas. However, it is also possible that the Clerk would randomly reassign the case to another judge, raising the specter of judge-shopping. The most important consideration is whether it would be more convenient for the parties and witnesses to hold the trial in Las Vegas. The case is still in the pretrial stage; however, so only the convenience of the attorneys is currently implicated. Attorney convenience is a legitimate reason to change hearing locations on a hearing-by-hearing basis, but it is not a proper reason to formally change venue of a case. And attorneys in this state routinely travel between Reno and Las Vegas for hearings, and this Court permits telephonic appearances on short notice, in any case. Defendants' attorneys are based in Reno and Los Angeles, CA. Plaintiff's attorneys are based in Las Vegas, Carson City, and Washington, DC. Defendants' attorneys would therefore be more inconvenienced by hearings in Las Vegas than Plaintiff's attorneys would be by hearings in Reno. Any attorney may appear telephonically, but if the parties wish to appear in person, Plaintiff has an attorney in Carson City who may drive to Reno in less than an hour, whereas Defendants' attorneys would have to fly to Las Vegas if venue were changed. As for the inconvenience of the parties and witnesses at trial, there are not yet any witness lists for the Court to consider, and the motion is therefore premature in that regard. Plaintiff alleges thousands of similarly situated class members, so it is extremely doubtful that enough of them cannot be found in the Reno area for Plaintiff to make its case.

Finally, Plaintiff has moved to amend to add a second cause of action for declaratory judgment as to whether Defendants breached a previous consent judgment. Defendants argue that permitting this amendment will greatly expand the scope of litigation, making the case difficult for the Court to manage. Although the Proposed Second Amended Complaint ("PSAC") contains many pages of extraneous factual material and the second cause of action therein is both partially unclear and partially redundant with the first cause of action, this is no reason to deny permission to amend. This Court routinely manages many cases just as complex

as the present one.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Change Venue (ECF No. 56) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 63) is GRANTED.

IT IS FURTHER ORDERED that the hearing set for November 15, 2011 is VACATED.

IT IS SO ORDERED.

Dated this 13th day of October, 2011.

_____
ROBERT C. JONES
United States District Judge