UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STATE OF NEVADA, | ) | 3:11-cv-00135-RCJ (WGC) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BANK OF AMERICA CORPORATION; | ) | |
| BANK OF AMERICA, N.A., BAC HOME | ) | |
| LOANS SERVICING, LP; RECONTRUST | ) | |
| COMPANY, N.A.; COUNTRYWIDE | ) | |
| FINANCIAL CORPORATION; | ) | |
| COUNTRYWIDE HOME LOANS, INC.; and | ) | |
| FULL SPECTRUM LENDING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

On March 22, 2011, Plaintiff State of Nevada ("Nevada") filed a motion to remand to state court. (Doc. #18.)[1] On July 5, 2011, Chief District Judge Robert C. Jones denied Nevada's motion (Doc. #52) and Nevada, therefore, appealed to the Ninth Circuit Court of Appeals. (Doc. #119.) On January 3, 2012, the Ninth Circuit granted Nevada's application for interlocutory appeal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453(c)(1). The question now before the court is whether Nevada's appeal to the Ninth Circuit has divested this court's jurisdiction and, consequently, stayed proceedings pending appeal.

During a January 25, 2012 hearing, the parties addressed the matter and the court expressed concern that the case may be automatically stayed by virtue of Nevada's appeal to the Ninth Circuit,

---
[1] Refers to court's docket number.

which also questions this court's jurisdiction. At the court's request, Nevada and the Bank of America defendants submitted briefs addressing whether the case was stayed by virtue of the appeal. After reviewing the parties' informative memoranda, the court concludes that Nevada's appeal has neither divested the court of jurisdiction nor effected a stay of proceedings.

Although an appeal generally divests the district court of jurisdiction, "[t]he principle of exclusive appellate jurisdiction is not . . . absolute." *Nat'l Resources Def. Council v. Sw. Marine*, 242 F.3d 1163, 1165 (9th Cir. 2001). "Absent a stay, an appeal seeking review of collateral orders does not deprive the trial court of other proceedings in the case, and an appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal." *Britton v. Co-op Banking Group, et. al*, 916 F.2d 1405, 1412 (9th Cir. 1990) (citing *Manual for Complex Litigation* §§ 25.11, 25.16 (2d Ed.). The purpose of the rule is twofold: it seeks to promote judicial economy and avoid the confusion that would inevitably result from simultaneously litigating the same issues before separate courts. *Sw. Marine*, 242 F.3d at 1166 (citing *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983); 20 James Moore, *Moore's Federal Practice*, § 303.32[1] (3d Ed. 2000).

Although there is limited case law on point, Nevada and Bank of America concur that this court retains jurisdiction over pendant matters while awaiting the Ninth Circuit's review of the court's jurisdiction under CAFA, 28 U.S.C. § 1453(c)(1). *See* (Pl.'s Br. (#145) at 2); (Def.'s Br. (#146) at 3.) *Britton* was particularly instructive to the court's conclusion that it retains jurisdiction and that proceedings are not stayed. *Britton* held that the district court retained jurisdiction to enter a default judgment against a defendant, notwithstanding a pending interlocutory appeal from an order denying the defendant's motion to compel arbitration. *Britton*, 916 F.2d at 1411-12. The circumstances before the court are substantially analogous to *Britton*. The issue on appeal of whether this case should proceed in federal or state court mirrors the issue on appeal presented in *Britton*: namely, whether the case should proceeded in court or through arbitration. *Id.* Further, the question concerning the court's jurisdiction under CAFA is severable from both the merits of this action and the ongoing discovery coordination dispute.

As a result, there is no reason to believe that proceeding will interfere with the Ninth Circuit's

review or somehow create a "moving target." Rather, proceeding herein both maintains the "status quo," which presumes that the court has jurisdiction under CAFA, and promotes judicial economy by addressing and resolving matters not on appeal, such as the discovery coordination dispute. *See Moses H. Cone Memorial Hospital v. Mercury Constr.*, 460 U.S. 1, 21 (1983) (permitting concurrent litigation on the issues of arbitration and the merits of the underlying dispute); *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) (stating that "the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal").

The court, therefore, concludes that Nevada's appeal has neither divested the court of jurisdiction nor effected a stay of proceedings. The status conference/hearing calendared for Thursday, February 2, 2012, at 8:00 a.m. shall proceed as scheduled.

**IT IS SO ORDERED**.

DATED: January 31, 2012

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE